MIED ProSe 14 (Rev 5/16)  Complaint for Violation of Civil Rights (Prisoner Complaint)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Curwood L. Price

Case: 3:22-cv-10739
Assigned To : Cleland, Robert H.
Referral Judge: Stafford, Elizabeth A.
Assign. Date : 4/7/2022
Description: CMP PRICE V. KENDALL ET AL (NA)

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

v.

Sean Kendall and
Elizabeth Hertel

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

*(to be filled in by the Clerk's Office)*

Jury Trial:  ☑ Yes  ☐ No
*(check one)*

## Complaint for Violation of Civil Rights
## (Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in *forma pauperis*.

MIED ProSe 14 (Rev 5/16)  Complaint for Violation of Civil Rights (Prisoner Complaint)

**Defendant No. 2**

| | |
|---|---|
| Name | Elizabeth Hertel |
| Job or Title (if known) | Director |
| Shield Number | 333 South Grand Avenue |
| Employer | Lansing, Michigan 48909 |
| Address | |

☑ Individual capacity          ☑ Official capacity

**Defendant No. 3**

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Shield Number | |
| Employer | |
| Address | |

☐ Individual capacity          ☐ Official capacity

**Defendant No. 4**

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Shield Number | |
| Employer | |
| Address | |

☐ Individual capacity          ☐ Official capacity

3

MIED ProSe 14 (Rev 5/16)  Complaint for Violation of Civil Rights (Prisoner Complaint)

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐    Federal officials (a *Bivens* claim)

☑    State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Violations of 42 USC 18116, Discrimination

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

4

MIED ProSe 14 (Rev 5/16)  Complaint for Violation of Civil Rights (Prisoner Complaint)

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

The Defendants acted their authority by discriminating against the Plaintiff that actually caused him to suffer physical injury.

See attached STATEMENT OF THE CASE

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced state prisoner
☐ Convicted and sentenced federal prisoner
☐ Other *(explain)* _____

## IV. Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

5

MIED ProSe 14 (Rev 5/16)  Complaint for Violation of Civil Rights (Prisoner Complaint)

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

They occurred at the Plaintiff's home, specified Doctors offices, and local pharmacy.

See attached STATEMENT OF THE CASE

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

C.    What date and approximate time did the events giving rise to your claim(s) occur?

Began on October 10, 2021 at about 09:30 and have continued to this present date.

6

MIED ProSe 14 (Rev 5/16)  Complaint for Violation of Civil Rights (Prisoner Complaint)

D.    What are the facts underlying your claim(s)?  *(For example:  What happened to you? Who did what?  Was anyone else involved?  Who else saw what happened?)*

The Defendants caused the Plaintiff to loose most of his vision in his left eye and are planning to deny him critical medications that relate to his specific medical condition.

See attached STATEMENT OF THE CASE.

MIED ProSe 14 (Rev 5/16)  Complaint for Violation of Civil Rights (Prisoner Complaint)

## V.     Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

The Plaintiff has suffer physical injury to his left eye that unquestionably now requires surgery to remedy, and even that is no guarantee his vision will be fully restored.

See attached STATEMENT OF THE CASE

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes.  If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

Compensatory, mental anguish, punitive, and declaratory relief in the amount of $4,000,000 from each Defendant under each catagory for a total of $32,000,000.

MIED ProSe 14 (Rev 5/16)  Complaint for Violation of Civil Rights (Prisoner Complaint)

## VII.   Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☐    Yes

☑    No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐    Yes

☑    No

☐    Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐    Yes

☑    No

☐    Do not know

If yes, which claim(s)?

9

MIED ProSe 14 (Rev 5/16)  Complaint for Violation of Civil Rights (Prisoner Complaint)

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐   Yes

☑   No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐   Yes

☑   No

E.   If you did file a grievance:

1.   Where did you file the grievance?

2.   What did you claim in your grievance?

3.   What was the result, if any?

10

MIED ProSe 14 (Rev 5/16) Complaint for Violation of Civil Rights (Prisoner Complaint)

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

11

MIED ProSe 14 (Rev 5/16) Complaint for Violation of Civil Rights (Prisoner Complaint)

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If so, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

_____

3. Docket or index number

_____

12

MIED ProSe 14 (Rev 5/16) Complaint for Violation of Civil Rights (Prisoner Complaint)

4. Name of Judge assigned to your case

_____

5. Approximate date of filing lawsuit

_____

6. Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition. _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☑ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

3. Docket or index number

_____

13

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
## DETROIT DIVISION

**Curwood Lewis Price**

    **Plaintiff, Pro Se.**

Case No. _____

-VS-

Hon. _____

**Elizabeth Hertel, and**

**Sean Kendall**

    **Defendants.**

Mag. _____

## STATEMENT OF THE CASE

NOW COMES the above named Plaintiff, Curwood Lewis Price, in and for himself and brings this immediate cause of action against the above named Defendants pursuant to **42 USC 1981** and **42 USC 1983** pursuant to and under the authority of **42 USC 18116**, with federal jurisdiction supplied under **28 USC 1331 et seq**; in addition to the amount in controversy exceeding the $75,000 minimum as stated and shown herein below.

1

Furthermore, the Plaintiff now shows the following facts as they specifically relate to this herein stated cause of action.

# I

# JURISDICTION

At all times as stated and relevant to this immediate cause of action the herein named Plaintiff, Curwood Lewis Price, was and is a resident of Wayne County, Michigan; and, whose address and domicile is located at **19000 Fenton Street, Apartment #220, Detroit, Michigan 48219** within the jurisdiction of this very Court

At all times as stated and relevant to this immediate cause of action Defendant Sean Kendull, was and is a resident of Wayne County, Michigan; and, is in fact the chief operating officer of **Meridian Health Inc.** and is in fact a licensed and acting corporation located at **1 Campus Martius, Suite #700, Detroit, Michigan 48226**; and, at the time of the illegal acts committed against the Plaintiff was in fact acting out of this herein stated corporation at the stated address within the jurisdiction of this very Court.

At all times as stated and relevant to this immediate cause of action Defendant Elizabeth Hertel, was and is a resident of Ingham County, Michigan; and, is in fact the Director of the Michigan Department of Health and Human Services and is in fact

2

a licensed and acting State Corporation located at **333 South Grand Avenue, Lansing, Michigan 48909**; and, at the time of the illegal acts committed against the Plaintiff was in fact acting out of this address and whose stated action reached the Plaintiff who resided within the very Court's jurisdiction as stated herein above.

That the amount of the herein stated controversy is in the amount of THIRTY TWO MILLION ($32,000,000) DOLLARS as specified in the below stated relief; wherein, it exceeds the $75,000 dollar minimum amount and therefore gives this very Court jurisdiction of this above stated immediate cause of action.

Furthermore, pursuant to *Bostock v. Clayton County, 140 S.Ct. 1731 (2020)* not only dose this Court have jurisdiction, the Defendants directly receive federal funding and have in fact waived their immunity by accepting said federal funding to pay for the cost of the Plaintiff's Health Care Insurance coverage.

## II

## RECHARACTERIZATION

The herein stated Plaintiff is in fact acting on and for his own behalf and thereby incorporates and invokes his Rights against recharacterization pursuant to *Castro v. United States, 124 S.Ct. 786 (2003)* without this Court clearly informing the Plaintiff that: (1) informing the Plaintiff that this Court is going to recharacterize his herein

3

stated cause of action; and (2) explain to the Plaintiff what recharacterization the Court is going to take: and, (3) allowing the Plaintiff to challenge such recharacterization and/or amend his herein stated pleading associated with this immediate cause of action and/or consent to such recharacterization accordingly.

## III

## STATEMENT OF FACTS

The Plaintiff was in fact released from incarceration by the Michigan Department of Corrections on <u>DECEMBER 14, 2017</u> and placed on parole. On **January 16, 2018** the Plaintiff's assigned Parole Agent and Supervising Agent obtained all of the Plaintiff's medical records in the possession of the Department of Corrections that were placed in FOUR (4) large 12" X 14" X 20" cardboard boxes; as the Plaintiff has a very debilitating disease and was severely physically effected and wheelchair bound and suffering from Bladder Cancer.

His herein stated Parole Agent and her Supervisor did in fact forwarded all of those medical records, including X-rays, directly to Defendant Elizabeth Hertel. Defendant Hertel then in fact forwarded the Plaintiff's herein stated Medical Records directly to Defendant Sean Kendall when the Plaintiff acquired coverage form Meridian Health Inc in mid **February of 2018.**

4

The Plaintiff was first diagnosed with a very debilitating autoimmune disease called **REITER'S SYNDROME** in early 2000, which was well documented in the herein above stated medical records. One of the "side effects" of this disease was the onset of chronic eye infections that manifest themselves into Uveitis. Since 2000 the Plaintiff has suffered numerous Uveitis infections, with each infection increasing in severity each time and can in fact cause total loss of vision in an infected eye.

Since December 19, 2017 to present the Plaintiff has been treated at the Beaumont Facility located at **28100 Grand River Avenue, Farmington Hills, MI 48336** by Dr. Kyle Bronsteen, Rheumatologist Dr. Ashwini Shadakshari; and Dr. Fadi A. Eliya at the Michigan Institute of Urology (bladder cancer) located **at 33014 Five Mile Road, Livonia, MI 48154.**

Between that above stated date and March 2019 the Plaintiff went through several medication trials and Chemo treatments, with such a success rate that by April 2019 the Plaintiff was walking again and riding a Bicycle. Once a medication combination treatment was found, it has continued to present day.

**On October 7, 2021** a NEW Uveitis started in the Plaintiff's left eye. This infection manifested rapidly and the Plaintiff went to the Beaumont Emergency

5

Room on OCTOBER 9, 2021. He was seen by Dr. Scott H Lagerveld who immediately prescribed DUREZOL EYEDROPS.

On October 10, 2021 at 09:30 the Plaintiff went to his long standing CVS Pharmacy located at 18585 Dale Street, Detroit, MI 48219 [313-532-6300] where he was informed that the Defendants had refused to pay for the Durezol Eyedrops that where critical to his current eye infection.

On October 11, 2021 the Plaintiff was forced to return to the Beaumont Emergency room as he had NOT be able to obtain ANY Eyedrops for this eye infection. Plaintiff was seen by Dr. Angel F Chudler at which time he was given 1% Prednisolone Acetate and 0.5% Tromethamine eyedrops and given an emergency referral to an Ophthalmologist. On October 12, 2021 the Plaintiff attempted to make an appointment with that Specialist, but was refused as he did not take the insurance provided by the Defendants.

Between the dates of October 12 and October 15, 2021 the Plaintiff made a total of SEVENTEEN (17) phone calls to the Defendants Service Line [1-888-437-0606] in an attempt to obtain an Ophthalmologist that accepted the Defendants Insurance. On October 15, 2021 he was given the address of a Specialist at OPHTHALMOLOGY ASSOCIATES located at 14400 West McNichols Road,

6

Detroit, MI 48235 [313-341-3451] where he received an appointment with Dr. Zuckerbrod for October 18, 2021 at 14:00.

At that appointment Dr. Zuckerbrod added 1% Atropine Sulfate to the eyedrops he received from the Beaumont Emergency Room. Without the Durezol eyedrops Dr. Zuckerbrod was at a loss as to the treatment of the Plaintiff's eye infection and referred the Plaintiff to his Partner, Dr. Burman the next day. On October 19, 2021 at 14:30 the Plaintiff was seen by Dr. Burman.

Dr. Burman stated that the eye infection had advanced to such a point without the Durezol eyedrops, she was at a loss as to the effective treatment necessary for the Plaintiff. She made an appointment with ASSOCIATED RETINA CENTER of the NEUROSCIENCE CENTER at the Beaumont Advanced Center located at 3555 West 13 Mile Road, Suite LL20, Royal Oak, MI 48073 [248-288-2280] for October 22, 2021.

On that date at 09:30 the Plaintiff was seen by Dr. Weiner and immediately placed into seven (7) different "imaging" rooms in an attempt to determine the severity of the Plaintiff's eye infection. Once again Dr. Weiner prescribed Durezol eyedrops and additional 1% Ketorolac eyedrops. One again, that same afternoon at 13:00 the Plaintiff went to the same CVS Pharmacy to obtain these eyedrops where

he was informed again that the Defendants were refusing to pay for the Durezol eyedrops. The Plaintiff immediately contacted Dr. Weiner and asked for a substitute for the Durezol eyedrops where Dr. Weiner stated that there is no substitute for Durezol eyedrops. He also informed the Plaintiff that without the Durezol eyedrops he was going to suffer a 35-50% loss of vision in his left eye

Dr. Weiner referred the Plaintiff to a SURGICAL SPECIALIEST, Dr. Maris Jancevski at the Oakland Ohpthamatic Surgery Center located at 800 South Adams Road, Suite 201, Birmingham, MI 49009 [248-644-8060] and scheduled an urgent appointment for November 09. 2021 at 12:30

At that appointment, Dr. Jancevski informed the Plaintiff that because he had gone so long without the Durezol eyedrops the infection had congealed part of the inner ocular eye fluid and formed a "type" of Cataract that was going to require surgery; and, that even with the Surgery there was still a good chance that the Plaintiff's vision would not be restored to what it was prior to the onset of the infection.

Since that time the Plaintiff has had to return to Dr. Jancevshi's office several times to monitor the progress of his left eye with various eyedrops prescribed to have the eye reach a point where the surgery can be conducted.

## IV

## FIRST CAUSE OF ACTION

The Defendants have in fact discriminated against the Plaintiff in clear violation of 42 USC 18116 because of the fact that the Plaintiff has illegally been forced to be placed on the Sex Offender Registry (SORA) since his release from incarceration and the fact that he is in an interracial relationship that was made evident to the Defendants in a letter he sent the Defendants on **JUNE 14, 2021** (see attached Exhibit A). This discrimination occurred in the following manner:

1. Due to the fact that the Defendants have received all of the Plaintiffs medical records as set forth herein above; they unquestionably knew of the Plaintiffs medical history in direct relation to the herein stated eye infection; and, knew that the Durezol eyedrops was the only means of treating this herein stated eye infection.

2. That this discrimination is continuing as the Defendants are attempting to deny his current medications that took so long to find as is evidenced by the attached letter from the Defendants to the Plaintiff, (see exhibit B). By denying these medications the Plaintiff will end up in a wheelchair again with horrific pain and inability to move as well as he dose now.

9

3. That because of this discriminatory denial of the Durezol eyedrops the Plaintiff is now faced with corrective surgery to his eyes that may not work at all; thereby directly causing physical harm to the Plaintiff; and, to directly cause additional physical harm to the Plaintiff by denying the medications that are working so well thus far.

4. Because of the Plaintiff's disability caused by the REITER'S SYNDROME the Plaintiff only receives $841.oo per month SSI; and, because of the stigma attached to the illegal SORA registration forced upon the Plaintiff he has been left with selling his Artwork on line to supplement his income enough to survive as can be evidenced by going to www.mirrorimageprojectssle.com; effecting his vision in the manner caused by the Defendants it has directly caused this only source of supplemental income to completely disappear as an Artist is no good without his eyes.

5. "BUT FOR" the discriminatory conduct of the Defendants the Plaintiff would have received the Durezol eyedrops and his eye infection would have cleared up in about 3-4 weeks with no other residual effects.

6. "BUT FOR" the Defendants discriminatory conduct the Plaintiff would not be facing the denial of the **ONLY** medications that have worked to keep the effects

of his Reiter's Syndrome from manifesting to such a degree he will unquestionably end up in a wheelchair and completely immobile once again.

7. "BUT FOR" the Defendants discriminatory conduct; each Medical Specialist the Plaintiff seen, from Dr. Zuckerbrod, Dr. Burman, Dr. Weiner, to Dr. Jancevski all clearly stated that if the Plaintiff would have received the Durezol eyedrops back on October 09, 2021 the eye infection would have cleared up and he would NOT be facing surgery now; and, is scheduled to see Dr. Jancevski for surgical prep procedures on April 10, 2022.

# V

## RELIEF SOUGHT

NOW COMES the herein stated Plaintiff and hereby states that he is in fact seeking the following relief from each of the Defendants in the following manner.

A. That the Court Order either of the Defendants obtain the Plaintiff's bonds under the appellation of his name and with CUSIP Numbers of **018919720, 315920629, 018918557, 779572106**; and, either return these bonds directly to the Plaintiff or financially compensate the Plaintiff for said bonds; and/or

B. That the Court order each of the Defendant to pay the Plaintiff FOUR MILLION ($4,000,000) DOLLARS for compensatory damages; and/or

11

C. That the Court order each of the Defendants to pay the Plaintiff FOUR MILLION ($4,000,000) DOLLARS for mental anguish he has suffered; and/or

D. That the court order each of the Defendants to pay the Plaintiff FOUR MILLION ($4,000,000) DOLLARS for punitive damages; and/or

E. That the Court order each of the Defendants to pay the Plaintiff FOUR MILLION ($4,000,000) DOLLARS for declaratory damages; and/or

F. That the Court order the Defendants to continue the Plaintiff's medical coverage and insurance completely unrestricted and cover any and all costs of any and all treatment(s) that his Doctors may order for the Plaintiff without any interference whatsoever.

T H E R E F O R E, and for those reasons stated herein the Plaintiff seeks this immediate cause of action for the clear violations of law committed against the Plaintiff by the Defendants.

Respectfully Submitted, with all rights Reserved with prejudice.

Curwood L. Price
19000 Fenton Street
Apt. #220
Detroit, MI 48219

4-7-2022

Dated:

12



Curwood L. Price
RiChanda N. Carter
C/O 19000 Fenton Street
Apt. #220
Detroit, MI 48219

MERIDIAN HELTH
1 Campus Martius, #700
Detroit, MI 48226

# LAWFUL AND CONSTRUCTIVE NOTICE

NOW COMES the above named living individuals and hereby provides you. With a lawful and constructive notice that lawful/legal action will be taken against you pursuant to one and/or both **42 USCA 1981** and **42 USCA 18122** [see attached copies].

In the matter of Curwood L. Price, you are in fact unquestionably "restricting" Pharmacies from providing my "<u>critical care medication(s)</u>" that are absolutely necessary for the maintenance of my CHRONIC MEDICAL CONDITIONS: namely, my Reiter's Syndrome, Bladder Cancer, and Herniated Disc -which you are also denying surgery for.

You are refusing to allow my Primary Care Physician from prescribing any of my several medication(s) on an "<u>as needed basis</u>" as the Doctor(s) have suggested. You are further denying the Pharmacy from "refilling" **ANY AND ALL** of my medications because I am taking them on the "as needed" basis that my PCP is recommending (unofficially) because of the discriminatory restrictions you have maliciously put in place regarding my medication(s).

As a direct result of these illegal discriminatory restrictions you have in fact put in place: my Chronic conditions as stated above keep **"RE-EMERGING"** at levels greater than the original onset of these condition(s) and substantially increased PAIN LEVELS **EACH** and **EVERY TIME** I run out of these medication(s) because you are directly prohibiting me from getting the refilled as needed!

These pain levels and the "re-emergence" of the conditions: going from normal walking and movement to barely walking and forced to use a Walker, back and forth; time and time again; have now reached a point of complete and utter **INTOLERANCE!!!!!**

In the past few weeks I have learned that your "staff/personnel" responsible in this regard learned many months ago that I have been illegally place on the Sex Offender Registry, despite a Federal Court Order directing the State to have me removed from said registry! I have learned that these responsible staff/personnel have been placing several discriminatory **additional** restrictions on my coverage based solely on the fact that I currently appear on said registry; without knowing the circumstances and litigation(s) I have been forced to go through to have myself removed accordingly!

As a DIRECT result of these discriminatory restriction I have continuously suffered physical injury and pain several times; as clearly stated herein above; as my low income status and herein stated disabilities prevent me from obtaining additional funds to pay for what I need myself!

## RiChanda N. Carter

It should be noted that RiChanda N. Carter has a current address of **18088 Mansfield, Detroit, Mi 48235.** However, has chose to join me on this matter as she has been subjected to discrimination as well by your staff/personnel; and is verified by way of her signature below.

Ms. Carter was informed not more than 45 days ago, by staff/personnel of **YOUR** COMPANY that she was in fact qualified and or allowed to get THREE (3) PAIRS of Lenses and eye glass frames at absolutely no cost to herself! Yet, when she attempted to ontian her second and third pair of said glasses she was informed that she would have to pay **$69.00** and over **over $100.00** for the third pair. The Vendor/Provider informed her that you had refused to pay for these Glasses on JUNE 10, 2021 at 2:15PM!

When she returned home and attempted to call and speak with someone in authority from your company; she was given the "RUN-AROUND" and substantially told that it was simply to bad and that "they" would not assist her further.

Further investigation has shown that she is being discriminated against under the above stated Federal Statutes because of the "expensive" and "substantial" injuries that she has suffered to her right arm and ankle; and, that "you" were tired of these "expenses" that she has caused.

I would caution to carefully read the above stated Statutes in their **entirety**. Just the fact that "you" told her she could have the three pair of Glasses and then withdrawing that offer **WITHOUT** ANY form of notice and administrative process; is in itself evidence of discrimination!

FURTHERMORE, do not make the mistake that either of us will agree to any form of change in Insurance Provider whatsoever! We will, however, lawfully enforce our rights against you directly and compel you to comply with our needs according Federal Law!

In addition, legal action will be executed by myself, and not some "philandering" licenced attorney. I have several years of College in Law and over 28+ years experience. I am skilled enough that I have a FEDERAL PRACTICE NUMBER (Client Code) registered with the United States District Court [see attached copy].

T H E R E F O R E, I strongly suggest you take immediate action to remedy these matter for both Ms. Carter and Myself.

Respectfully Submitted

_____
Curwood L. Price

_____
Dated:

_____
RiChanda N. Carter

_____
Dated:





888-437-0606
TTY: 711
mimeridian.com

1 Campus Martius, Suite 700
Detroit, MI 48226

160437985 42465
CURWOOD PRICE
18980 FENTON ST APT 108C
DETROIT MI  48219-2265

March 15, 2022

Dear Member,

This is an important message from MeridianHealth (Meridian).

Our records show that you filled CYCLOBENZAPRINE 5 MG TABLET ; MELOXICAM 7.5 MG TABLET ; METHOTREXATE 2.5 MG TABLET ; OMEPRAZOLE DR 20 MG CAPSULE ; SIMVASTATIN 80 MG TABLET ; TAMSULOSIN HCL 0.4 MG CAPSULE in the past 108 days. Meridian wants to let you know that coverage of CYCLOBENZAPRINE 5 MG TABLET ; MELOXICAM 7.5 MG TABLET ; METHOTREXATE 2.5 MG TABLET ; OMEPRAZOLE DR 20 MG CAPSULE ; SIMVASTATIN 80 MG TABLET ; TAMSULOSIN HCL 0.4 MG CAPSULE is changing on 5/1/2022 for all members. This medication either has been removed from the formulary (list of covered medications) or has been given new limits that may affect medication coverage.

Call your provider to see if this formulary change affects you. Your provider knows of this change and can help advise you on other covered treatments and medications.

If you have any questions, please call MeridianRx, Meridian's pharmacy benefit manager, at **866-984-6462**.

Regards,

MeridianHealth

Meridian complies with applicable Federal civil rights laws and does not discriminate on the basis of race, color, national origin, age, disability, or sex. Meridian does not exclude people or treat them differently because of race, color, national origin, age, disability, or sex.

Meridian:

- Provides free aids and services to people with disabilities to communicate effectively with us, such as:
  - Qualified sign language interpreters
  - Written information in other formats (large print, audio, accessible electronic formats, other formats)
- Provides free language services to people whose primary language is not English, such as:
  - Qualified interpreters
  - Information written in other languages

If you need these services, contact Meridian's Grievance Coordinator.

If you believe that Meridian has failed to provide these services or discriminated in another way on the basis of race, color, national origin, age, disability, or sex, you can file a grievance with Meridian's Grievance Coordinator. You can file a grievance in person or by mail, fax, or email. If you need help filing a grievance, Meridian's Grievance Coordinator is available to help you.

| | |
|---|---|
| Mail: | Meridian<br>Attn: Grievance Coordinator<br>P.O. Box 44287<br>Detroit, MI 48244 |
| Telephone: | 888-437-0606 (TTY users should call 711) |
| Fax: | 833-669-1734 |
| Email: | medicaidgrievances@mhplan.com |

You can also file a civil rights complaint with the U.S. Department of Health and Human Services, Office for Civil Rights, electronically through the Office for Civil Rights Complaint Portal, available at **https://ocrportal.hhs.gov/ocr/portal/lobby.jsf**, or by mail or phone at:

U.S. Department of Health and Human Services
200 Independence Avenue, SW
Room 509F, HHH Building
Washington, D.C. 20201

800-368-1019, 800-537-7697 (TDD)

Complaint forms are available at **http://www.hhs.gov/ocr/office/file/index.html**.

CAD_94287E_ Internal Approved 02092022
© Meridian 2022. All rights reserved.

MI2CADINS94287E_0000
MI_CAID_NDN

JS 44 (Rev. 10/20) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Curwood L. Price

**DEFENDANTS**
Sean Kendall and Elizabeth Hertel

**(b)** County of Residence of First Listed Plaintiff   Wayne
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Wayne
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☑ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☑ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / Other: | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☑ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | | ☐ 8 Multidistrict Litigation - Direct File |

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1981, 42 USC 1983, 42 USC 18116
Brief description of cause:
Discrimination

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE
April 6, 2022
SIGNATURE OF ATTORNEY OF RECORD
*Curwood L Price*

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____