**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

___

CURWOOD L. PRICE,

      Plaintiff,

v.                                     Case No. 22-10739

SEAN KENDALL and
ELIZABETH HERTEL

      Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING CASE WITHOUT PREJUDICE**

Pending before the court is Plaintiff Curwood L. Price's *pro se* complaint and application to proceed without prepaying fees or costs. Plaintiff, who is insured by Meridian Health, Inc. ("Meridian"), alleges that Defendant Sean Kendull as chief operating officer of Meridian discriminated against Plaintiff in violation of the Affordable Care Act ("ACA") when Meridian failed to pay for particular medication. Plaintiff also names Elizabeth Hertel as a Defendant, in both her individual and official capacity as Director of the Michigan Department of Health and Human Services ("MDHHS").

A court may authorize a party to commence, prosecute, or defend an action or proceeding "without prepayment of fees" where the person submits an affidavit stating that they are unable to pay the fees associated with the case. 28 U.S.C. § 1915(a)(1). Whether to grant or deny an application to proceed *in forma pauperis* is within the discretion of the district court. *Flippin v. Coburn*, 107 F. App'x 520, 521 (6th Cir. 2004). The court will grant Plaintiff's application, but it will dismiss the case without prejudice.

Complaints filed by a plaintiff proceeding *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To state a claim upon which relief may be granted, a plaintiff must present sufficient factual allegations which, if accepted as true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007*); Evans-Marshall v. Board of Educ.*, 428 F.3d 223, 228 (6th Cir. 2005). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff brings this cause of action under the Affordable Care Act ("ACA"), 42 U.S.C. § 18116. (ECF No. 1, PageID.21.) Section 1557 of the ACA provides:

> [A]n individual shall not, on the ground prohibited under title VI of the Civil Rights Act of 1964, title IX of the Education Amendments of 1972, the Age Discrimination Act of 1975, or section 794 of Title 29, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance, including credits, subsidies, or contracts of insurance, or under any program or activity that is administered by an Executive Agency or any entity established under this title (or amendments). The enforcement mechanisms provided for and available under such title VI, title IX, section 794, or such Age Discrimination Act shall apply for purposes of violations of this subsection.

42 U.S.C. § 18116(a) (internal citations omitted). In other words, the ACA incorporates four statutes' prohibition on discrimination into the health care system, effectively prohibiting discrimination based on race, color, national origin, sex, age, or disability. *See Tomei v. Parkwest Med. Ctr.*, No. 319CV00041DCLCJEM, 2022 WL 703656, at *3 (E.D. Tenn. Mar. 8, 2022). The ACA "picks up the type of discrimination—the standard for determining discrimination—prohibited under each of the four incorporated statutes." *Doe v. BlueCross BlueShield of Tennessee, Inc.*, 926 F.3d 235, 239 (6th Cir. 2019).

Here, Plaintiff provides a detailed background on the symptoms and treatment associated with his diagnosis of Reiter's Syndrome. (ECF No. 1, PageID.17-20.) Plaintiff makes clear that a "side effect" is the "onset of chronic eye infections that manifest themselves into [u]veitis," and over time, the infections have increased in severity. (*Id.*, PageID.17.) In October 2021, Plaintiff suffered from an onset of uveitis and went to the emergency room. (*Id.*, PageID.17-18.) A doctor there prescribed a particular form of eyedrops called Durezol; however, when Plaintiff went to a pharmacy to obtain the Durezol, he "was informed that Defendants had refused to pay." (ECF No. 1, PageID.18.) He returned to the emergency room and was given an alternative medication. (*Id.*) He then attempted to contact Meridian to find an ophthalmologist that accepted his insurance. (*Id.*) Plaintiff eventually found a specialist, who told Plaintiff that "without the Durezol eyedrops he was going to suffer a 35-50% loss of vision in his left eye." (*Id.*, PageID.20.) In November 2021, a doctor also told him that he would need corrective surgery and that he likely suffered permanent damage to his vision. (*Id.*) Plaintiff alleges that Meridian's denial of coverage of Durezol caused the severity of his

ailments, and he states that his "current medications" are at risk of being removed from coverage as well. (*Id.*, PageID.21-22.)

Taking his allegations as true, Plaintiff's complaint demonstrates that he suffers from a serious, chronic injury and that Durezol could have improved his condition before surgery became necessary. Yet, after providing this background, only one sentence is dedicated to alleging any sort of discrimination. Specifically, Plaintiff states, "Defendants have in fact discriminated against Plaintiff in clear violation of 42 U.S.C. § 18116 because of the fact that the Plaintiff has illegally been forced to be placed on the Sex Offender Registry (SORA) since his release from incarceration and the fact that he is in an interracial relationship." (ECF No. 1, PageID.21.) Plaintiff falls far short of plausibly alleging any sort of discrimination based on race, color, national origin, sex, age, or disability. There is but one wholly conclusory statement pertaining to how or why Meridian discriminated against him, and it is insufficient to properly state a discrimination claim under any of the statutes incorporated under the ACA. *See, e.g.*, *Foster v. Michigan*, 573 F. App'x 377, 388 (6th Cir. 2014) ("A complaint that includes conclusory allegations of discriminatory intent without additional supporting details does not sufficiently show that the pleader is entitled to relief.").

Even construing the complaint liberally, no factual allegations support a "reasonable inference that the defendant is liable for the misconduct alleged"—all of the allegations describe Plaintiff's inability to find treatment that is covered by his health insurance plan, but they in no way relate to Meridian, Kendall, or Hertel engaging in some sort of discriminatory conduct. *See Ashcroft*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 557 (finding that if a complaint pleads facts that are "merely consistent with"

4

a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief). Indeed, it is especially unclear how Defendant Hertel is at all implicated.[1] The only facts relating to her or MDHHS are that, following Plaintiff's release from incarceration in 2018, Defendant Hertel forwarded Plaintiff's medical records to Defendant Kendall "when the Plaintiff acquired coverage from Meridian . . . in mid-February of 2018." (ECF No. 1, PageID.16.)

In summary, Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff provides the court with no information pertaining to any discrimination on the basis of any of the protected classes under § 18116. His allegations state only that his insurance did not cover a particular drug that he sought. Accordingly,

IT IS ORDERED that Plaintiff's complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

s/Robert H. Cleland                    /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  April 15, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 15, 2022, by electronic and/or ordinary mail.

s/Lisa Wagner                    /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\22-10739.PRICE.DismissingCaseIFP.MAZ.docx

---

[1]  It appears Plaintiff seeks to bring a claim against Defendant Hertel under 42 U.S.C. § 1983, which is briefly mentioned, for violating § 18116. (*See* ECF No. 1, PageID.3, 13.)